**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000805**
**28-MAR-2018**
**07:54 AM**

NO. CAAP-16-0000805

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ROSEMARIE GAETA, Plaintiff-Appellee, v.
WEST MAUI RESORT PARTNERS, LP, Defendant-Appellant,
and DOE CORPORATIONS 1-5, DOE ENTITIES 1-5,
JOHN DOES 1-5, JANE DOES 1-5, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 15-1-0052(2))

SUMMARY DISPOSITION ORDER
(By: Fujise, Acting Chief Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant West Maui Resort Partners, LP,

(**West Maui Resort**) appeals from the August 17, 2016 Entry of

Final Judgment (**Judgment**) and the October 24, 2016 Order Denying

West Maui Resort's HRCP Rule 60(b) Motion for Relief from Final

Judgment (**Order Denying Motion for Relief**), both entered by the

Circuit Court of the Second Circuit (**Circuit Court**).[1]

I.

On January 29, 2015, Plaintiff-Appellee Rosemarie Gaeta

(**Gaeta**) filed a Complaint against Kaanapali Beach Vacation Owners

---

[1] The Honorable Joseph E. Cardoza presided.

Association (the **Owners Association**). The Complaint and Summons were served on the Owners Association on February 20, 2015, as evidenced by the Return and Acknowledgment of Service filed on March 2, 2015. On May 12, 2015, Gaeta filed a First Amended Complaint against the Owners Association, and the Owners Association filed its Answer on June 3, 2015.

The case was submitted to arbitration under the Court Annexed Arbitration Program (**CAAP**). An arbitration hearing was held on April 12, 2016, between Gaeta and the Owners Association.

On or about April 22 (or April 26), 2016,[2] the arbitrator issued an undated Arbitration Award (**Original Award**) in favor of Gaeta and against the Owners Association, which apportioned liability as 49 percent to Gaeta's negligence and 51 percent to the Owners Association's negligence, and awarded Gaeta $65,701.64 in damages against the Owners Association, plus costs in the amount of $5,013.34.

In the meantime, on April 18, 2016, the Circuit Court entered a Stipulation to Substitute West Maui Resort Partners LP for Defendant Association of Apartment Owners of Kaanapali Beach Vacation Resort; Order, between Gaeta and the Owners Association (the **Stipulation**). The Stipulation stated that "[g]ood cause exists for said amendment because in course of discovery it was discovered that West Maui Resort Partners and not Defendant [Owners Association] was in control of the premises where the Plaintiff suffered the injury alleged in the Complaint." The Stipulation was not signed by an attorney or other person

---

[2] The parties reference different dates.

purporting to represent or have the authority to act on behalf of West Maui Resort, who was not yet a party to the case.

On May 10, 2016, the Owners Association – which was still the only defendant in this action – filed Defendant's Notice of CAAP Appeal and Request for Trial *De Novo*, representing itself as "Kaanapali Beach Vacation Owners' Association substituted by stipulation as West Maui Resort Partners, LP." (Capitalization altered.)

On May 13, 2016, Gaeta filed her Second Amended Complaint. The Second Amended Complaint named West Maui Resort as the defendant.[3] On the same day, counsel for the Owners Association emailed the arbitrator to inform him of the Stipulation and to request that an amended arbitration award be issued "to properly describe the stipulated/ substituted party on the caption as a matter of form over substance."[4]

On May 24, 2016, an Amended Arbitration Award, which now identified West Maui Resort as the liable defendant, was issued and transmitted to counsel by the Arbitration Administrator, along with an advisement concerning Hawaiʻi Arbitration Rules (**HAR**) Rule 21.

On June 1, 2016, West Maui Resort filed an Answer to the Second Amended Complaint.

---

[3] No summons was issued to West Maui Resort and no return of service was filed. However, when West Maui Resort answered the Second Amended Complaint on June 1, 2016, a defense of insufficiency of process or insufficiency of service of process was not included. See Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(h).

[4] Counsel for the Owners Association later appeared as counsel for West Maui Resort, beginning with a deposition notice filed on May 31, 2016, the day before West Maui Resort answered the Second Amended Complaint.

On June 14, 2016, West Maui Resort filed a First Amended Notice of CAAP Appeal and Request for Trial *de Novo*.

On June 22, 2016, the Arbitrator Administrator sent a letter to counsel stating the Amended Award was filed on May 24, 2016, and therefore, under HAR Rules 21 and 22, the Notice of Appeal and Request for Trial *De Novo* was required to be filed by June 13, 2016, but was filed on June 14, 2016. On June 24, 2016, the Arbitration Administrator wrote a letter to the parties informing them that his view was that he needed to enter the Amended Award as a Final Judgment, but he would hold off 10 days to give West Maui Resort an opportunity to file an appeal of the disputed issue to the Arbitration Judge. An appeal was filed and opposed, and a hearing was held, but relief was denied by an order entered on August 16, 2016. The May 24, 2016 Amended Award was entered as the Judgment on August 17, 2016.

On August 25, 2016, West Maui Resort filed an HRCP Rule 60(b)(4) motion for relief from the Judgment (**Motion for Relief**), contending that the Judgment violates West Maui Resort's right to procedural due process and is void because West Maui Resort was deprived of an opportunity to be heard before the decision was rendered and judgment was entered against it. West Maui Resort also contended that HAR Rule 21 did not bar the motion because the Judgment is void. After further briefing and a hearing the Motion for Relief was denied.

II.

On appeal, West Maui Resort raises a single point of error, arguing that the Circuit Court erred when it denied the

Motion for Relief because the Amended Award was based on the CAAP arbitration, West Maui Resort was not a party to the CAAP arbitration, and therefore, West Maui Resort was denied its due process rights to a meaningful opportunity to be heard.

III.

We first address Gaeta's contention that this court lacks appellate jurisdiction to consider this matter because the final judgment is not subject to appellate review. Gaeta relies on <u>Darcy v. Lolohea</u>, 77 Hawai'i 422, 886 P.2d 759 (App. 1994), and HAR Rule 21, which states:

> If, after twenty (20) days after the award is served upon the parties, no party has filed a written Notice of Appeal and Request for Trial *De Novo*, the clerk of the court shall, upon notification by the Arbitration Administrator, enter the arbitration award as a final judgment of the court. This period may be extended by written stipulation, filed with the Arbitration Administrator within twenty (20) days after service of the award upon the parties, to a period no more than forty (40) days after the award is served upon the parties. Said award shall have the same force and effect as a final judgment of the court in a civil action, but may not be appealed.

In <u>Darcy</u>, the plaintiffs filed a complaint against the defendants for damages for personal injuries suffered in a car accident involving the defendants. 77 Hawai'i at 424, 886 P.2d at 761. After a CAAP arbitration hearing, the arbitrator issued a decision in favor of the plaintiffs. <u>Id.</u> at 425, 886 P.2d at 762. The defendants did not file an appeal and request a trial *de novo* from the award. <u>Id.</u> Pursuant to HAR Rule 21, the arbitration award became a final judgment. <u>Id.</u>

Defendants sought relief from the judgment, contending that the arbitrator and circuit court erred because the plaintiffs were precluded from suing under the motor vehicle insurance law. <u>Id.</u> at 425, 886 P.2d at 762. This court stated:

5

> The concise answer to Defendants' argument is that the issue may not be considered by the circuit court or the appellate courts because HAR Rule 21 unambiguously establishes that, "[i]f after twenty (20) days after the award is served upon the parties, no party has filed a written Notice of Appeal and Request for Trial *De Novo*, . . . [s]aid award shall have the same force and effect as a final judgment of the [circuit] court in the civil action, but may not be appealed." When the language of the rule is clear, we must give effect to its plain and obvious meaning.
>
> Because the judgment "may not be appealed[,]" the appellate courts are clearly without jurisdiction to consider the merits of the arbitration decision. . . . Thus, we are without jurisdiction to consider Defendants' appeal from the arbitration judgment.

Id. at 426, 886 P.2d at 763 (citation and emphasis omitted).

In the instant case, however, we are not asked to consider the merits of the arbitration decision. Instead, West Maui Resort argues that its procedural due process rights were violated because judgment was entered against it based on a CAAP arbitration that was completed before it was even named as a defendant. We agree that Darcy is distinguishable. In Darcy, this court noted: "We are not faced with the question of the applicability of a public policy exception to the HAR or with the contention that an arbitration award, although final, has been 'clearly shown' to have violated public policy." Id. at 424 n.3, 886 P.2d at 761 n.3 (citing Inlandboatmen's Union of the Pac. v. Sause Bros., Inc., 77 Hawai'i 187, 193, 881 P.2d 1255, 1261 (App. 1994)). The entry of judgment on an arbitration award obtained in disregard of well-defined precepts of procedural due process is a violation of public policy. See generally Inlandboatmen's Union of the Pac. v. Sause Bros., Inc., 77 Hawai'i 187, 193, 881 P.2d 1255, 1261 (App. 1994) (citing United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29 (1987)). Therefore, we

6

conclude that we have appellate jurisdiction to consider whether West Maui Resort was denied its due process rights.

IV.

West Maui Resort contends that the Judgment is void and therefore it was entitled to relief under HRCP Rule 60(b)(4), which states: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void[.]" "[A] judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." Citicorp Mortg., Inc. v. Bartolome, 94 Hawai'i 422, 428, 16 P.3d 827, 833 (App. 2000) (citation omitted; emphasis added). "The basic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner." Mauna Kea Anaina Hou v. Bd. of Land & Nat. Res., 136 Hawai'i 376, 389, 363 P.3d 224, 237 (2015) (citations omitted).

Here, a judgment for damages was entered against West Maui Resort based entirely on Gaeta's claims against the Owners Association, Gaeta's presentation of evidence against the Owners Association, and the Owners Association's defense of its own interests. As noted above, no claims had been asserted against West Maui Resort, and West Maui Resort was not named as a defendant or served with a summons and complaint at the time of the arbitration hearing. West Maui Resort had no opportunity to make arguments, present evidence, or otherwise be heard at any

time prior to the arbitrator's decision on the substance of Gaeta's claims. West Maui Resort did not enter into the Stipulation to substitute it as a party-defendant in this case. Although West Maui Resort later waived defenses based on insufficiency of process or insufficiency of service of process by failing to preserve them, pursuant to HRCP Rule 12(h), it was yet not a proper party to the case when the Amended Arbitration Award against it was issued. We conclude that entry of the Judgment against West Maui Resort under these particular circumstances failed to provide West Maui Resort with notice and an opportunity to be heard at a meaningful time and in a meaningful manner and therefore is inconsistent with due process of law.[5] Accordingly, the Circuit Court erred in denying the Motion for Relief.

V.

For these reasons, the Circuit Court's October 24, 2016 Order Denying Motion for Relief and August 17, 2016 Judgment are vacated and this case is remanded to the Circuit Court for

---

[5] Arguably, a trial *de novo* may be an inadequate remedy for the lack of an opportunity to meaningfully participate in a CAAP arbitration hearing, as the appealing party faces a heightened standard to "prevail" at trial and a non-prevailing party may be subject to substantial monetary sanctions for failing to prevail in a trial *de novo*. See HAR Rules 25 & 26.

8

further proceedings to resolve Gaeta's claims against West Maui
Resort.

DATED: Honolulu, Hawai'i, March 28, 2018.

On the briefs:

Richard B. Miller,
Mark B. Desmarais,
Ashley R. Shibuya,
(Tom Petrus & Miller, LLLC),
for Defendant-Appellant.

Matson Kelley,
Alex Wilkins,
(Law Office of Matson Kelly),
    and
Jon S. Jacobs,
for Plaintiff-Appellee.

Acting Chief Judge

Associate Judge

Associate Judge